## BRADLEY & a. *v.* SPOFFORD.

In trover, the declaration of one having the goods in her possession, that the goods belonged to the plaintiffs, is competent evidence of their title.

Where materials belonging to the plaintiffs, are put by them into the hands of a bailee, to have certain work done upon them, and then to be returned, and come to the possession of the defendant; if the bailee, without special authority from the plaintiffs, demand the goods, in order to return them to the plaintiffs, and the defendant refuse to deliver them, this is evidence of a conversion.

The lien, which a bailee has, for the price of labor done on materials of another, cannot be set up by a wrong-doer, to defeat the action of the general owner.

TROVER, for sixty pairs of women's upper shoe-stock, fitted; alleged to have been converted May 1, 1849.

The evidence of the plaintiffs was, that the wife of Luther Robinson, in the spring of 1849, fitted sixty pairs of shoe-stock, and while she had the stock in her possession, said it belonged to the plaintiffs. The court instructed the jury that her statement, while she had the stock in her possession, was competent evidence to show that it belonged to the plaintiffs.

It appeared that Robinson and his wife, in the early part of the spring of 1849, lived in a house of the defendant, at Kingston, and left the house in April. The plaintiffs introduced evidence to show that when Robinson and his wife left the house, they left in it certain articles of dress and household furniture, and this shoe-stock, which was then fitted; that the defendant fastened up the house, with these goods, including this shoe-stock, in it; that Robinson's wife, afterwards, in April, went to Spofford, at his house, and demanded of him this shoe-stock, saying

that she wished to return it to Bradley & Tyler, and that the defendant refused to give up the stock to her, not assigning any reason.

A witness for the defendant testified that before this demand, he heard Robinson say to the defendant, "I owe you, and I will leave my goods in pawn until I can go abroad and get some mon ey," that Robinson then said he was going a fishing for mackerel, and went away. There was no other evidence of an assignment, or pledge to the defendant.

The court instructed the jury, that if this stock was delivered by the plaintiffs to Robinson's wife, to be fitted for them, by her, and then returned, and the defendant detained the stock, and she demanded the stock of the defendant, stating that she wanted it to return to Bradley & Tyler, and he refused to deliver it, this demand and refusal would be evidence of conversion, though there was no evidence of an express authority from the plaintiffs to Robinson's wife, to make the demand on their ac count.

There was no evidence of the terms on which Robinson's wife fitted the shoes, nor that any thing was due for fitting them, from Bradley & Tyler, except that the work had been done by her; but the court instructed the jury, that in the absence of proof to the contrary, it would be a presumption of law, that Bradley & Tyler were to pay a reasonable price for work done on their stock by Robinson's wife, and the same presumption, that after the work was done, and before the stock was returned, the pay for the work was due, and unpaid; and that she, or her husband in her right, would have a lien on the stock while it remained in her hands, for the price of the work due on the stock.

That if Robinson and his wife, waived the lien, and demanded the stock of the defendant, for the purpose of delivering it to Bradley & Tyler, the defendant would not be justified in detaining it, on account of the lien; and that, on the evidence, there was no assignment or pledge of any interest in the stock, to the defendant, that could be set up against Bradley & Tyler, if Robinson and his wife, waived the lien, and demanded the stock for Bradley & Tyler.

The jury returned a verdict for the plaintiffs, which the defendant moved to set aside, for error in the foregoing instructions to the jury.

*Stanyan,* for the plaintiff.

*French,* for the defendant.

PERLEY, J. The declaration of Robinson's wife, made while she was at work on the stock, that it belonged to the plaintiffs, was competent evidence to shew their title. Her possession unexplained, would have been evidence of title in herself. In the absence of proof to the contrary, she would be presumed to hold and claim for herself. But her declaration, accompanying the act of possession shews, that she held, not for herself, but for the plaintiffs. Such declarations of the persons in possession, are not only competent to rebut a title set up by, or under the party who made them, but are affirmative evidence of title in the party for whom the person in possession declares that he holds it. *Doe* v. *Williams,* Cowper, 621; *Holloway* v. *Railles,* 2 T. R., 55; *Makepeace* v. *Watson,* 4 Taunton, 16; *Carne* v. *Nicol,* 1 Bingham, N. C., 430; *Doe* v. *Jones,* 1 Camp., 367; *Doe* v. *Austin,* 9 Bingham, 256; *Willies* v. *Farley,* 3 C. & P., 395; *Peaceable* v. *Watson,* 4 Taunton, 16; *Doe* v. *Arkwright,* 5 C. & P., 575.

Robinson's wife was bailee of the stock in question, bound to see that it was kept safely, and returned when the work to be done on it was completed. Without any new authority from the plaintiff, it was her right and duty to reclaim the property if lost, or illegally detained from her. If the defendant withheld the stock from the plaintiffs' bailee and agent, when demanded, he asserted a control over the property inconsistent with the plaintiffs' right to have the property restored to his bailee, for his benefit. The demand and refusal was evidence of a conversion.

There was no competent evidence, that Robinson undertook to assign the lien which his wife had on the stock for the price of her work. "I will leave *my* goods in pawn," cannot be intend-

ed to mean, that he assigned the right to retain the plaintiffs' stock, till his wife was paid for the work done on it. Besides, a mere lien, which the law gives for the price of labor done on the material of another, is not in its nature assignable, as a pawn is, which may be assigned with the debt secured. *D'Aubigney,* v. *Duvall,* 5 T. R., 606.

The law is clear that a lien like this, cannot be set up by a wrong-doer, to defeat the action of the general owner. *Jones* v. *Sinclair,* 2 N. H. Rep., 319.

*Judgment on the Verdict.*